# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AVE, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 19-CV-1078-SMY ) |
| RENASANT BANK, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Ave, Inc. filed the instant lawsuit against Defendant Renasant Bank on August 26, 2019 in the Madison County, Illinois Circuit Court, seeking damages associated with Defendant's negotiation of a stolen check. The case was removed to this Court on October 3, 2019 pursuant to 28 U.S.C. § 1332 based on diversity jurisdiction. Now pending before the Court is Defendant's Motion to Dismiss, Motion to Strike, and, in the alternative, Motion to Transfer Venue (Doc. 5), Plaintiff's response (Doc. 7), and Defendant's reply. For the following reasons, the Motion to Dismiss is **GRANTED**.

### Background

According to the Complaint (Doc. 1-1), Ave, Inc. is a Texas Corporation which sold property in Nevada on April 9, 2019. As part of the sale, Driggs Title Agency issued a check in the amount of $1,455,497.56 to Plaintiff and a co-payee, 518 Gravois Avenue, Ltd, which endorsed the check and sent it to Plaintiff's offices in Illinois. The check was stolen in Illinois and taken to Alabama where it was deposited in an account opened at a Renasant Bank branch under Plaintiff's name. When Driggs Title Agency attempted to cancel the check and Plaintiff demanded the funds, Defendant refused.

Plaintiff alleges Defendant did not "follow the usual and customary banking practices." It seeks as damages return of the check funds, prejudgment interest, treble damages, attorney fees and costs, and damages related to a cancelled land deal in Nebraskika.

**<u>Discussion</u>**

Defendant is a Mississippi corporation with its principal place of business in that state (Doc. 6-1 ¶ 2). It has no property, branches, offices, agents, bank accounts, or employees in Illinois (*Id*. ¶¶ 5-9).[1] Defendant first argues that this matter must be dismissed for lack of personal jurisdiction. F.R.C.P 12(b)(2). Generally, a Complaint need not allege facts demonstrating personal jurisdiction. *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998). However, once a Rule 12(b)(2) motion is filed, the burden is on the plaintiff to demonstrate the existence of jurisdiction.

A federal court sitting in diversity jurisdiction exercises personal jurisdiction over a defendant according to the law of the forum state. *Hyatt Intern. Corp v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). In Illinois, personal jurisdiction over a nonresident defendant is premised on certain enumerated grounds not relevant here and "on any basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 Ill. Comp. Stat. § 5/2-209(a-c) (Long-Arm statute). As such, "due process requires only that in order to subject a defendant to judgment in personam, if he be not present with the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

---

[1] Shortly after this lawsuit was filed, Defendant filed an interpleader action in the United States District Court for the Southern District of Alabama and deposited the disputed funds with that court. *Renasant Bank, Inc. v. Ave, Inc., et al.*, 1:19-cv-733-CG-MU (S.D. Ala).

There are two types of personal jurisdiction; general and specific. To establish general jurisdiction, Plaintiff must show that Defendant's contacts with Illinois are such that it is essentially taking up a physical presence in this state. *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010). Although Defendant has no branches, employees or other contact with Illinois, Plaintiff argues that it created a substantial connection in the state by opening a bank account in Ave, Inc.'s name and "should have known" that it would "have an ongoing business relationship with" an Illinois entity. Plaintiff further argues that Defendant should also have known the check was stolen from Illinois. However, these mere assertions are unsupported by the record and are legally insufficient to establish general jurisdiction. Plaintiff is a Texas Corporation and documents attesting to that fact were presented to the bank branch in Alabama when the account was opened, and there is no showing the bank was aware that the check was stolen, in Illinois or otherwise.

Specific jurisdiction depends on "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (citation omitted). "As the Supreme Court has emphasized, it is essential not only that the defendant have minimum contacts with the forum state but also that the plaintiff's claim against the defendant arise out of or relate to those contacts." *uBID, Inc. v. GoDaddy Group, Inc.*, 623, F.3d 421, 429 (7th Cir. 2010); *accord Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, __ U.S. __, 137 S.Ct. 1773, 1781 (2017). A defendant must "purposefully avail itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958). In other words, a defendant is not subject to specific personal jurisdiction based merely on random, fortuitous, or attenuated contacts – there must be a real relationship with the state with respect to the activities at issue. *Northern Grain Marketing, LLC.*

*V. Greving*, 743, F.3d 487, 493 (7th Cir. 2014).  Finally, jurisdiction cannot be dependent on either the plaintiff's or a third party's contact with the forum state.  *Walden*, 571 U.S. at 284.

Here, Plaintiff has not established that Defendant has minimum contacts with Illinois, that it purposefully availed itself of the benefits and protections of Illinois law, or that there is a real relationship between Illinois and Defendant.  Instead, Plaintiff points out that non-parties to this action are residents of Illinois and that, presumably, it would be convenient for them to litigate in Illinois.  This misses the point.  Because Plaintiff has not met its burden to establish that this Court has personal jurisdiction over Defendant, this case must be dismissed.  In light of this finding, it is unnecessary to address Defendant's arguments regarding improper venue and failure to state a claim.

## Conclusion

For the foregoing reasons, the Motion to Dismiss (Doc. 5) is **GRANTED**.  This case is **DISMISSED without prejudice** for lack of personal jurisdiction.  The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

DATED:  January 17, 2020

**STACI M. YANDLE**
**United States District Judge**